UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNIE SMITH                                    CIVIL ACTION

VERSUS                                          20-1171

MARQUETTE                                       SECTION: "J" (2)
TRANSPORTATION
COMPANY, LLC

## ORDER & REASONS

Before the Court are a *Motion to Transfer* **(Rec. Doc. 7)** filed by Defendant Marquette Transportation Company, LLC ("Marquette") and a *Motion to Dismiss* **(Rec. Doc. 8)** filed by Plaintiff Donnie Smith. Both motions are opposed (Rec. Docs. 12, 13). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that Plaintiff's Motion to Dismiss should be **GRANTED** and Marquette's Motion to Transfer should be **DENIED AS MOOT**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from injuries allegedly sustained by Plaintiff while employed by Marquette as a deckhand aboard the M/V CORPUS CHRISTIE. On or about July 24, 2019, the CORPUS CHRISTIE collided with the FPMC 29 in the Houston Ship Channel. Plaintiff contends that he sustained injuries to his neck, back, and shoulder as a result of this collision.

Plaintiff originally filed suit in this Court on April 10, 2020. Marquette answered and filed a third-party demand against the FPMC 29 and its owners, Formosa Plastics Marine Corp. and FMPC Formula Marine Corp. Marquette then

filed the instant Motion to Transfer Venue to the Southern District of Texas. Plaintiff opposes the motion and instead moved to dismiss this action under Federal Rule of Civil Procedure 41(a)(2).

## PARTIES' ARGUMENTS

Marquette argues that transfer is appropriate under 28 U.S.C. § 1404(a) because this action could have originally been filed in the Southern District of Texas, Plaintiff and two additional crew members of the CORPUS CHRISTIE reside in Texas, and Plaintiff obtained medical treatment in the Southern District of Texas. Additionally, Marquette asserts that the Third-Party Defendants are subject to personal jurisdiction in the Southern District of Texas but not in this Court.

Plaintiff contends that none of the relevant factors outweigh the deference given to his choice of forum. Accordingly, Plaintiff requests that the Court dismiss this action without prejudice so he can refile his lawsuit in a Texas court of his choosing; Plaintiff evidently filed a complaint in Harris County District Court the same day he filed his motion to dismiss.[1]

Marquette urges the Court to deny Plaintiff's motion to dismiss because it will be prejudiced by the dismissal and while the prejudice can be reduced if the Court imposes conditions on the dismissal, it cannot be eliminated altogether. Marquette's first concern is that Plaintiff would refile in a Louisiana state court (notwithstanding the pending Harris County action), preventing it from joining the Third-Party Defendants, and therefore requests that dismissal be conditioned on Plaintiff not

---

[1] (*See* Rec. Doc. 13-1).

filing suit against it in Louisiana state court. Second, Marquette asserts it will be prejudiced if forced to litigate in state court because it will be deprived of procedures to tender the Third-Party Defendants to Plaintiff under Rule 14(c) and to arrest the FPMC 29 and will have to file a separate proceeding to accomplish the latter. Similarly, Marquette contends it will have to file a separate federal action if Plaintiff pursues state court litigation to preserve its limitation of liability defense.

Finally, Marquette proposes that the Court grant its motion to transfer while leaving Plaintiff's motion to dismiss pending, so that the court in the Southern District of Texas can resolve the vessel seizure and limitation of liability issues and determine the appropriate conditions to attach to the granting of the motion to dismiss.

## LEGAL STANDARD

Under circuit precedent, a district court should freely grant a motion for voluntary dismissal unless it finds the nonmoving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Legal prejudice has been defined as 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Espinoza v. Nacher Corp.*, No. 07-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). For example, courts have found legal prejudice to exist where dismissal might result in a defendant's loss of a potentially viable defense. *Hyde*, 511 F.3d at 509; *United States ex rel. Matthews*

*v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 318). Likewise, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute legal prejudice. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). If granting the motion will cause plain legal prejudice, a court may deny the motion outright or grant it with conditions that will cure the prejudice. *Elbaor*, 279 F.3d at 317-18.

## DISCUSSION

The Court finds that Marquette has failed to establish plain legal prejudice. Contrary to Marquette's belief, limitation of liability may be raised as an affirmative defense in a state court action. *Graham v. Offshore Specialty Fabricators, Inc.*, 09-117, p. 7 n. 6 (La. App. 1 Cir. 1/8/10), 37 So. 3d 1002, 1010 n. 6; *see also Brown Sims, P.C. v. L.W. Matteson, Inc.*, 594 S.W.3d 573, 582-83 (Tex. App. 2019). None of its other arguments demonstrate that it would suffer prejudice to a legal interest, claim, or argument. *See Espinoza*, 2007 WL 1557107 at *2. Because Marquette also has not presented any evidence of abuse by Plaintiff, the Court concludes that Plaintiff's motion to dismiss should be granted. *See Elbaor*, 279 F.3d at 317; *see also Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178 (5th Cir. 1990) ("That plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."). For these same reasons, the Court rejects Marquette's proposal to transfer this action while the motion to dismiss remains pending, because another district court would also be compelled to grant Plaintiff's motion absent new developments.

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Dismiss* **(Rec. Doc. 8)** is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Marquette's *Motion to Transfer* **(Rec. Doc. 7)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 12th day of August, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5